UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD TAYLOR

    Plaintiff

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA

    Defendants.

CASE NO. 5:20-CV-426 DNH/ATB

MAG. JUDGE ANDREW T. BAXTER

**PARTIES' PROPOSED DISCOVERY
PLAN UNDER FED. R. CIV. 26(f)**

---

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before the 24th day of July, 2020.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before the 24th day of July, 2020.

3. **DISCOVERY**:

   *Should the parties seek to take limited discovery as may be allowed in an ERISA action, they will complete that discovery on or before the 13th day of November, 2020.*

4. **MOTIONS**: All non-dispositive motions, including discovery motions, shall be made on or before the 13th day of November, 2020.

5. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before the 29th day of January, 2021. It is anticipated that the trial will take approximately 3 days to complete.

   *Dispositive Motions (Motions for Summary Judgment) are the typical method of adjudicating benefit claims. If neither party can be granted summary judgment, a bench trial*

*may be necessary unless the parties can agree on an alternative procedure such as adjudication under Rule 52.*

6.   **HAVE THE PARTIES FILED A JURY DEMAND**:  ____YES   __**X**__ NO

7.   **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?**

*Yes, the Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 1132(f).*

**ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?  HAVE ALL PARTIES BEEN SERVED?**

*Yes, the parties are subject to the Court's jurisdiction and all parties have been served.*

8.   **WHAT ARE THE FACTUAL AND LEGAL BASIS FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**Plaintiff's Position:**

*Mr. Taylor left active employment with IAP Worldwide Services, Inc. on October 11, 2018 initially due to dizziness, syncope, chest pain and shortness of breath.  It was then determined that Mr. Taylor was suffering from a severe case of gastroparesis.  Mr. Taylor was paid short-term disability benefits from October 26, 2018 through January 13, 2019.  No long-term disability benefits were paid to Plaintiff.  This is a claim for short-term and long-term disability benefits under an employee welfare benefits plan.  Plaintiff alleges that the Defendants wrongfully denied access to his short-term and long-term disability benefits and seeks payment of his benefits.*

*Plaintiff is entitled to de novo review secondary to Defendant not providing a full and fair review of his appeal within the time allowed by law.  Defendant never looked at Plaintiff's*

*appeal and never took any action on it until after this lawsuit was filed. De novo review of Plaintiff's benefit denial is warranted by the case of* Halo v. Yale Health Plan, *819 F 3d 42, (2d Cir., 2016).*

**Defendant's Position:**   *The Defendant's position is that the plaintiff has not satisfied the pertinent disability definition and thus is not entitled to the benefit plaintiff seeks. Furthermore the defendant maintains that its adverse benefit determination is subject to the arbitrary and capricious standard of review.*

9. **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

    Whether Defendants arbitrarily and capriciously or correctly denied Plaintiff's claim for short-term and long-term disability benefits.

10. **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?  ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

    The issues cannot be narrowed more than they are.  The case will likely be decided on dispositive motions and the record filed with the Court.

11. **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**

*Plaintiff seeks reinstatement of short-term and long-term disability benefits owed to him. Plaintiff is owed STD benefits for the time period of January 14, 2019 through April 11, 2019 and long-term disability benefits from April 12, 2019 to the current day.*

12. **DISCOVERY PLAN**:

    A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**

The defendant's position is that if there is any discovery permitted in this ERISA governed matter it should be limited. The defendant will not seek any discovery. The plaintiff has indicated that it will seek discovery on the following subjects:

    1. *Standard of Review*

    2. *Conflict of Interest*

    3. *Completeness of the Administrative Record*

    4. *Policies and Procedures used by Cigna / LINA in the administration of disability claims.*

    5. *Third party vendors used for medical reviews, vocational reviews, etc.*

    6. *Appeal review procedures used by the Defendant.*

**C.** **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

*The standard of review is not yet agreed upon. It will be determined what exact discovery will be sought as each standard of review contemplates a different subject matter for discovery.*

**D**. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

*If standard of review is arbitrary and capricious, then conflict of interest discovery will be issued to LINA. If the standard of review is de novo, then discovery focusing on the completeness of the administrative record and credibility will be issued to LINA. There is not a need to exceed the number of Interrogatories permitted under Rule 33.*

**E.** **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

*If the standard of review is arbitrary and capricious, Plaintiff anticipates no more than 3 depositions of LINA claims representatives, the contents of the administrative record and the retention of contract vendors. If de novo review, only two depositions will be needed.*

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

*The only experts contemplated are those who have created reports concerning Mr. Taylor that are already a part of the administrative record to be filed by the Defendants.*

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an

6

agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

*The parties do not currently contemplate that this case will have electronically stored information (ESI) as the review of this matter is limited to the Administrative Record and associated plan documents.  Should ESI become necessary, the parties will reach an agreement and submit a plan for the disclosure and preservation of ESI.*

**H.**     **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

*The parties do not anticipate the need for a protective order at this time.*

**I.**     **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

*None at this time.*

13.     **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

*Possibly, because an administrative record is to be filed by the Defendants and many facts may be the subject of an agreed upon Stipulation.*

14.     **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

*No.*

15.     **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

*Not applicable.*

16.     **WHAT ARE THE PROSPECTS FOR SETTLEMENT?  Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----**6**-----7-----8-----9-----10

**(VERY UNLIKELY)** →→→→→→→→→ → → **(LIKELY)**

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*Plaintiff and Defendant are currently engaged in informal settlement negotiations.*

17.     **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

| | | |
|---|---|---|
| A. | Reviewed General Order #47? | **YES** / NO |
| B. | Reviewed the List of Court Approved Mediators available on the NDNY website | **YES** / NO |
| C. | Prepared to discuss with the Court, at the conference, whether your case should be Opted out of the program? | **YES** / NO |
| D. | Discussed the time frame needed to complete Mandatory Mediation | **YES** / NO |

18.     **MOTION FOR SUMMARY JUDGMENT DEADLINES:**

The parties will file simultaneous Motions for Summary Judgment on <u>December 4, 2020</u>. Simultaneous Responses will be due on <u>January 4, 2021.</u>  Unless a stipulation on the standard

*of review can be submitted, Motions to determine the standard of review will be filed on <u>October 2, 2020</u>.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>June 29, 2020</u> and was attended by:

| | |
|---|---|
| /s/ Joseph P. McDonald | /s/Kevin G. Horbatiuk |
| Joseph P. McDonald | Kevin G. Horbatiuk |
| MCDONALD & MCDONALD CO., LPA | RUSSO & TONER, LLP |
| 200 East Spring Valley Road, Suite A | 22 Whitehall St., 16th Floor |
| Dayton, Ohio 45458 | New York, NY 10004 |
| (937) 428-9800; (937) 347-5441 fax | (212) 482-0001; (212) 482-0002 fax |
| Joseph@mcdonaldandmcdonald.com | Attorney for Defendants |
| Attorney for Plaintiff, Richard Taylor | khorbatiuk@russotoner.com |